(No. 30740.—

OKAW DRAINAGE DISTRICT *et al.*, Appellees, *vs.* CARRIE M. CRAIG *et al.*, Appellants.

*Opinion filed November 18, 1948—Rehearing denied Jan. 17, 1949.*

CARRIE M. CRAIG, and HAZEL I. CRAIG, *pro sese.*

BUSCH & HARRINGTON, of Champaign, and JOHN J. BRESEE, of Urbana, for appellees.

Mr. JUSTICE WILSON delivered the opinion of the court:

On October 24, 1947, the three commissioners of Okaw Drainage District, in the counties of Champaign and Douglas, submitted their annual report to the judge of the county court of Champaign County. Thereafter, Carrie M. and Hazel I. Craig, describing themselves as riparian owners of farm land in the district, interposed their objections to the report, charging that it is vague, indefinite and insufficient; that "said reports" show a wasteful, extravagant, unnecessary and speculative expenditure of money; that many of the expenditures are not authorized by any purported record of the court; that some of the expenditures could not be authorized under the statute or constitution and therefore could not be ratified, and that some of the expenditures are expressly forbidden by statute and constitution. The objectors did not introduce any evidence to support their objections. On November 26, 1947, the objections were overruled and the annual report of the commissioners approved. On December 16, 1947, the objectors made a motion to vacate the judgment and to add the following objection to the objections previously entered: "That the said annual report should be dismissed in that the work ordered by the county court has been substantially completed to the amount of the assessment roll allowed therein, and no further orders of any kind remain, as shown by an affidavit attached hereto and marked Exhibit 'A' and made a part hereof by reference." The affidavit of Hazel Craig states that, on February 9, 1945, an order was entered for the construction of certain work by the commissioners in the amount of $132,300 in the main district and, also, certain work in several subdistricts; that the current report, filed on October 24, 1947, is the third showing the expenditures and progress of the work, pursuant to the order, and that, after the hearing on their objections was concluded, affiant made a diligent search in the remaining records of the county court in the proceed-

ings, but has been unable to find any orders of any kind or character, or in the possession of any person, or persons, officials or otherwise, from which any additional payments could be predicated to be authorized, or obligations incurred. On January 8, 1948, the motion to vacate the judgment approving the annual report of the commissioners was overruled. Appearing *pro sese,* the appellants, Carrie M. and Hazel I. Craig, prosecute this appeal.

To obtain a reversal, the appellants make the contentions, among others, that their objections should have been sustained because of the failure of the defendants to make a *prima facie* case; that errors were committed in the admission and rejection of evidence; that the "orders and important findings therein" have no substantial support in, and are contrary to the manifest weight of, the evidence; that the order does not meet the standard of definiteness and certainty required, and that, even if otherwise valid, it invades their statutory and constitutional rights. The challenged report states the dates and amounts of numerous disbursements, the persons to whom paid, and the purpose of the respective expenditures. These items range from $2.34 for sand and cement to $1349.42 for engineering service. Evidence is wanting that any of the funds of the drainage district were expended for improper purposes or that they were, as appellants charge, unnecessary, wasteful and speculative. Nor is there any evidence to support their claim that the expenditures were unlawful. Since no evidence was offered to sustain their objections, it cannot be said that either the judgment approving the annual report of the commissioners or the subsequent order sustaining the approval is without substantial support in the evidence, or that evidence was erroneously admitted or rejected. Appellants fail to point out in what respects the order does not meet the standard of definiteness and certainty required. Nor do they indicate how their statutory or constitutional rights have been infringed.

106

Appellants assert, without any supporting argument, that the judgment approving the report of the commissioners is void for want of jurisdiction. The Drainage Act confers express jurisdiction upon county courts to hear and approve current reports of drainage commissioners. Section 41 (Ill. Rev. Stat. 1947, chap. 42, par. 41,) provides that the commissioners shall, as often as once in each year after their appointment, and as much oftener as the court shall require, make a report to the court, showing the amount of money collected and the manner in which it has been expended, and that the court shall hear the report and all objections thereto and, if found correct, may approve the report. Appellants make no showing that the report filed in accordance with the statute does not meet its requirements.

The judgment of the county court of Champaign County is affirmed.

*Judgment affirmed.*